IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01010-BNB

DIANE MAHONEY MAN,

    Plaintiff,

v.

STANLEY ANDERSON, and
CFO-LLC, *et al,*

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Diane Mahoney Man, resides in Ohio. She has filed *pro se* a Complaint for damages. Ms. Man has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe liberally the Complaint because Ms. Man is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Man will be directed to file an amended complaint.

    The Court has reviewed the Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Plaintiff must allege the specific acts of each Defendant that allegedly violated her rights. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In order for Ms. Man to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Man alleges in the Complaint that she is the victim "of the defendants' [f]raudulent actions wherein they induced my la[t]e husband, Colonel Joseph Man, and myself to invest in their fraudulent schemes all of the assets of our marriage," (ECF No. 7, at 2) which caused her to lose her home in foreclosure proceedings. However, Ms.


Man does not assert a jurisdictional basis for a claim against the Defendants, or bring any specific claims for relief with supporting factual allegations.[1] Further, in the text of the Complaint, Ms. Man makes allegations against the "representatives of the foreclosing bank" and the "law firm representing the bank" (*id.* at 3), but she does not identify those persons in the caption of the Complaint, or state specific claims for relief against them.

It is Ms. Man's responsibility to present her claim or claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Man will be given an opportunity to cure the deficiencies in her complaint by submitting an amended complaint that states her claims clearly and concisely in compliance with Fed. R. Civ. P. 8, that names each defendant in the caption of the Complaint, and alleges specific facts that demonstrate how each named defendant

---

[1] The Court takes judicial notice that on February 13, 2014, in Criminal Action 12-cr-00139-CMA (ECF No. 222), Stanley W. Anderson pleaded guilty to one count of Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1342 and 2, and one count of engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2. *See Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) (recognizing that a court may take judicial notice of its own records and files) (internal citation omitted). According to the Indictment, Defendant Anderson, a Colorado resident, and his co-defendants, conducting business through CFO-LLC and Trinity International Enterprises, Inc., engaged in a scheme to defraud investors from October 2005 through December 2008. (Case No. 12-cr-00139-CMA, at ECF No. 1).

personally participated in the asserted violations of his rights. Accordingly, it is

ORDERED that Plaintiff, Diane Mahoney Man, **within thirty (30) days from the date of this order**, file an amended complaint on the court-approved Complaint form that complies with this order.  It is

FURTHER ORDERED that Ms. Man shall obtain a copy of the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Man fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action may be dismissed without further notice.

DATED at Denver, Colorado, this 9th day of June, 2014.

                                              BY THE COURT:


                                            s/Craig B. Shaffer
                                            United States Magistrate Judge