IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01010-BNB

DIANE MAHONEY MAN,

    Plaintiff,

v.

CFO-5 LLC,
STANLEY W. ANDERSON,
TRINITY INTERNATIONAL ENTERPRISES,
EDWIN A. SMITH,
CHARLES L. KENNEDY,
MICHAEL D. NORTON,
NICHOLAS R. FLAIR, and
ALPHONSO HAMILTION "AL",

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Diane Mahoney Man, resides in Ohio. She initiated this action on April 8, 2014, by filing a Letter. On May 27, 2014, Ms. Man filed a Complaint for damages. After granting Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915, the Court reviewed the Complaint and found that it failed to comply with Fed. R. Civ. P. 8. In an Order entered June 9, 2014, the Court directed Ms. Man to file an Amended Complaint within thirty days that complied with Rule 8. Plaintiff filed an Amended Complaint on July 9, 2014.

    The Court must construe liberally the Amended Complaint because Ms. Man is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Man will be directed to file a Second Amended Complaint.

The Court has reviewed the Amended Complaint and finds, again, that Ms. Man has failed to comply with the pleading requirements of Fed. R. Civ.P. 8.  Plaintiff alleges in the Amended Complaint that Defendants engaged in a fraudulent investment scheme that caused her to suffer significant financial losses, but she does not assert a federal or state law cause of action in the "Claims for Relief" section of the pleading. Further, Ms. Man attaches 53 pages of exhibits to the Amended Complaint (ECF No. 11, at 13-66), instead of setting forth a brief summary of the facts that support each of her claims for relief, as required by Fed. R. Civ. P. 8.  In addition, Ms. Man does not assert a jurisdictional basis for her claims, but rather states that "[t]his filing relates to Case No. 08-cv-1594-PAB-MEH." (*Id.* at 2).

In Case No. 08-cv-01594-PAB-MEH, the Securities and Exchange Commission (SEC) sued the same defendants that the Plaintiff sues in this action (with the exception of Defendant Hamilton) for engaging in a "prime bank fraud scheme beginning in about April 2005 and continuing through at least July 2007 in which the defendants engaged in the fraudulent and unregistered offer and sale of securities, in violation of the anti-fraud, registration and broker dealer provisions of the federal securities laws." (No. 08-cv-01594-PAB-MEH, ECF No. 1, at 1).  The Complaint in the 2008 case asserted claims against the Defendants for fraud in the offer or sale of securities in violation of §§ 17(a)(1), (2) and (3) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. §§ 77q(a)(1), (2) and (3) (claims one and two); fraud in the purchase or sale of securities in violation of §10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15

U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (claim three);  sale of unregistered securities in violation of §5(a) and (c) of the 1933 Act, 15 U.S.C. §§77e(a) and 77(e)(c) (claim four); and acting as an unregistered broker-dealer in violation of § 15(a) of the 1934 Act, 15 U.S.C. § 78o(a) (claim five).  (*Id.* at 21-24).  The SEC requested, *inter alia*, injunctive relief and disgorgement of profits.  (*Id.* at 24-25).  On May 10, 2010, the Court entered Judgments against the Defendants enjoining them from any future violations of the securities laws and for disgorgement of profits.  (No. 08-cv-01594-PAB-MEH, ECF Nos. 127-131).

Several of the claims asserted by the SEC in the 2008 action are not actionable by private parties.  Specifically, it is well-established in the Tenth Circuit that there is no private right of action under § 17(a) of the 1933 Act.  *See Bath v. Bushkin Gaims Gaines & Jonas*, 913 F.2d 817, 819-20 (10th Cir. 1990); *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 13 F.3d 330, 334 (10th Cir. 1993) (citing *Bath*).  Ms. Man therefore cannot maintain a claim for relief under 15 U.S.C. §77q(a).  Further, there is no private cause of action under § 15(a) of the 1934 Act; instead, Plaintiff's remedy for the alleged violation of that provision is under § 10(b) of the Act. *See generally Asch v. Philips, Appel & Walden, Inc.*, 867 F.2d 776, 777 (2d Cir. 1989) (concluding that no private remedy was available for a violation of § 15(c)(1) of the 1934 Act separate from the remedy provided by § 10(b)); *see also Snyder v. Newhard, Cook & Co., Inc.*, 764 F.Supp. 612, 616 (D. Colo. 1991) (same).

There is an implied private cause of action under § 10(b) of the 1934 Act and Rule 10b-5.  *See Herman & MacLean v. Huddleston*, 459 U.S. 375, 380 (1983); *see also Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S.Ct. 1184,

1207 (2013).  The fact that a defendant has already disgorged illegal profits to the SEC does not necessarily preclude an investor's claim for damages based on the same conduct.  *See In re Spear & Jackson Securities Litigation*, 399 F.Supp.2d 1350, 1360 (S.D. Fla. 2005).

The statute of limitations applicable to a § 10(b) claim provides that a "private right of action" that "involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of"– "(1) 2 years after the discovery of the facts constituting the violation"; or "(2) 5 years after such violation."  28 U.S.C. § 1658(b).  *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 638 (2010).  The present action appears to have been brought more than five years after the violation.  As such, Ms. Man cannot maintain a §10(b) action unless she discovered the facts constituting the violation less than two years before she initiated this action.  *See id.*

Finally, any claim under §5(a) and (c) of the § 1933 Act appears to be time-barred.  Section 12(a)(1) of the 1933 Act provides a private right of action to enforce the registration requirements of Section 5, by providing that the person who "offers or sells a security in violation of section 77e . . .  shall be liable . . . to the person purchasing such security from him . . . [for] the consideration paid for such security . . . . " 15 U.S.C. § 77l(a).  The relevant statute of limitations states that a § 12(a)(1) claim cannot be maintained "unless brought within one year after the violation upon which it is based."  15 U.S.C. § 77m.[1]  Equitable tolling is not available for a claim under § 12(a)(1). *See*

---

[1]15 U.S.C. § 77m provides in full:

No action shall be maintained to enforce any liability created under section 77k or 77 l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the

*Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 553 (6th Cir. 2012) (collecting cases).

In short, Ms. Man may have a remedy under § 10b of the 1934 Act and Rule 10b-5 if her claim is not time-barred.  Plaintiff will be directed to file a Second Amended Complaint to specifically assert a claim under § 10b and Rule 10b-5 under "Claims for Relief" if she intends to proceed with such a claim in this action.  In addition, if Plaintiff intends to assert any other federal or state law claims, she must do so expressly under the "Claims for Relief" section.

The Second Amended Complaint must comply with Fed. R. Civ. P. 8.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff must allege the specific acts of each Defendant that allegedly violated her rights.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  In order for Ms. Man to state a claim in federal court, her "complaint must explain what each defendant did to [her] . . . ; when the defendant did it; how the defendant's action harmed [her]

---

exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77 l(a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77 l(a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77 l(a)(2) of this title more than three years after the sale.

. . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Ms. Man must present her claim or claims in a manageable and readable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Specifically, in the Second Amended Complaint, Plaintiff shall identify each federal or state law claim that she is asserting under separate claims for relief and allege the specific facts that support each claim.  Ms. Man may not rely on attachments in lieu of a statement of facts and claims contained in the body of the Second Amended Complaint.

Finally, the Second Amended Complaint must include an address for each Defendant so that the United States Marshal's Service can effect service of process.

Accordingly, it is

ORDERED that Plaintiff, Diane Mahoney Man, **within thirty (30) days from the date of this order**, file a Second Amended Complaint on the court-approved Complaint form that complies with this order.  It is

FURTHER ORDERED that Ms. Man shall obtain a copy of the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Man fails to file a Second Amended Complaint that complies with this order within the time allowed, the complaint and the action may be dismissed without further notice.  **Plaintiff is warned that if this action is**

**dismissed and she attempts to file a new action alleging federal securities law violations, her complaint may be time-barred under the applicable statutes of limitations, as discussed above**.

DATED July 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge