IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01010-BNB

DIANE MAHONEY MAN,

     Plaintiff,

v.

CFO-5 LLC,
STANLEY W. ANDERSON,
TRINITY INTERNATIONAL ENTERPRISES,
EDWIN A. SMITH,
CHARLES L. KENNEDY,
MICHAEL D. NORTON,
NICHOLAS R. FLAIR, and
ALPHONSO HAMILTION "AL",

     Defendants.

---

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

---

Plaintiff, Diane Mahoney Man, resides in Ohio. She initiated this action on April 8, 2014, by filing a Letter with the Court. On May 27, 2014, Ms. Man filed a Complaint for damages. After granting Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915, Magistrate Judge Boyd N. Boland reviewed the Complaint and found that it failed to comply with Fed. R. Civ. P. 8. In a June 9, 2014 Order, Magistrate Judge Boland directed Ms. Man to file an Amended Complaint, within thirty days, that complied with Rule 8. Plaintiff filed an Amended Complaint on July 9, 2014. (ECF No. 11).

Magistrate Judge Boland reviewed the Amended Complaint and determined that it did not comply with Fed. R. Civ. P. 8. On July 15, 2014, Magistrate Judge Boland issued a detailed order directing Ms. Man to file a Second Amended Complaint, within

thirty (30) days, that asserted specific claims for relief and complied with Rule 8.  (ECF No. 12).

Ms. Man filed a motion for extension of time on August 21, 2014.  Magistrate Judge Boland granted the motion on August 22, 2014, and ordered Plaintiff to file her amended complaint within thirty (30) days or to demonstrate just cause for an additional extension of time.  (ECF No. 14).  Ms. Man has failed to file a Second Amended Complaint, and she has not communicated with the Court since August 21, 2014.

## I.  Analysis

Plaintiff alleges in the Amended Complaint that Defendants engaged in a fraudulent investment scheme that caused her to suffer significant financial losses, but she does not assert a federal or state law cause of action in the "Claims for Relief" section of the pleading. Further, Ms. Man attaches 53 pages of exhibits to the Amended Complaint (ECF No. 11, at 13-66), instead of setting forth a brief summary of the facts that support each of her claims for relief, as required by Fed. R. Civ. P. 8.  In addition, Ms. Man does not assert a jurisdictional basis for her claims, but rather states that "[t]his filing relates to Case No. 08-cv-1594-PAB-MEH."[1] (*Id.* at 2).

---

[1]In Case No. 08-cv-01594-PAB-MEH, the Securities and Exchange Commission (SEC) sued the same defendants that the Plaintiff sues in this action (with the exception of Defendant Hamilton), for engaging in a "prime bank fraud scheme beginning in about April 2005 and continuing through at least July 2007 in which the defendants engaged in the fraudulent and unregistered offer and sale of securities, in violation of the anti-fraud, registration and broker dealer provisions of the federal securities laws." (No. 08-cv-01594-PAB-MEH, ECF No. 1, at 1).  The  SEC Complaint asserted several claims against the Defendants for violation of the Securities Act of 1933, 15 U.S.C. §§ 77a, *et seq.,* and the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78a, *et seq.* (*Id.* at 21-24).  The SEC requested, *inter alia*, injunctive relief and disgorgement of profits.  (*Id.* at 24-25).  On May 10, 2010, the Court entered Judgments against the Defendants enjoining them from any future violations of the securities laws and for disgorgement of profits.  (No. 08-cv-01594-PAB-MEH, ECF Nos. 127-131).

The Amended Complaint, which is the operative pleading in this action, fails to comply with Fed. R. Civ. P. 8.  As such, dismissal of this action without prejudice is appropriate. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1162 and n.3 (10th Cir. 2007).  A dismissal without prejudice under Rule 8 may operate to bar recovery where the statute of limitations has run on the plaintiff's claims while the lawsuit is pending.  *See Rodriguez v. Colorado*, No. 12-1494, 521 F. App'x 670, 671 (10th Cir. March 22, 2013) (unpublished) (citing *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir.1992) ("Although the district court dismissed Mr. Gocolay's claim without prejudice, New Mexico Federal concedes the dismissal was, for all practical purposes, a dismissal with prejudice because the statute of limitations had expired on all Mr. Gocolay's claims.")).

As discussed in the July 15, 2014 Order, any viable federal claims that Ms. Man may assert in this action appear to be time-barred.  (ECF No. 12, at 3-5).  However, it is not entirely clear exactly what federal or state law claims Plaintiff is attempting to raise. The Court finds, in an abundance of caution, that dismissal of this action, without prejudice and with leave to amend, is the most prudent course of action.  *See, e. g., Staats v. Cobb*, No. 11-6172, 455 F. App'x 816, 818 (10th Cir. Nov. 29, 2011) (unpublished) (a court "should dismiss with leave to amend . . . if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief.").  Ms. Man will therefore be allowed one final opportunity to file a Second Amended Complaint that complies with Fed. R. Civ. P. 8 and the directives in the July 15, 2014 Order.  If Plaintiff fails to file a Second Amended Complaint or request an extension of time to do so by the court-ordered deadline, then

3

dismissal of this case may prejudice her from bringing any future action because of the applicable statute(s) of limitation.

## II.  Discussion of *Ehrenhaus* factors

If the dismissal of a case without prejudice operates as a dismissal with prejudice, the court "must first consider certain criteria." *Nasious*, 492 F.3d at 1161. "[T]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 1162 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (other internal quotation marks and citations omitted)  (hereinafter the "*Ehrenhaus* factors").

The Court finds under the first *Ehrenhaus* factor that the Defendants have not been prejudiced by Plaintiff's conduct because they have not yet been served in this case.

Under the second *Ehrenhaus* factor, the efficient administration of justice is disadvantaged by Plaintiff's failure to prosecute her case and to comply with court orders. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003).  Ms. Man's failure to communicate with the Court after Magistrate Judge Boland issued the August 22, 2014 Minute Order granting her request for an extension of time to file the Second Amended Complaint evidences a lack of respect for the Court and the judicial process.

Under the third *Ehrenhaus* factor, the Court finds that Ms. Man is responsible for her failure to file a Second Amended Complaint in compliance with the July 15 and

August 22 Orders.  Magistrate Judge Boland gave sufficient notice to Ms. Man about

the nature of Rule 8's mandate, and the factual deficiencies in her pleadings, in the July

15, 2014 Order.  (ECF No. 12, at 5-6).  Plaintiff was also specifically advised that in

order to state a claim in federal court, her Second Amended Complaint "must explain

what each defendant did to [her]; when the defendant did it; how the defendant's action

harmed [her]; and, what specific legal right the plaintiff believes the defendant violated."

(*Id.*, citing *Nasious*, 492  F.3d at 1163).  The Court finds that Ms. Man bears full

responsibility for her failure to comply with the July 15 and August 22 Orders directing

her to file a Second Amended Complaint. *See Nasious*, 492 F.3d at 1163 (stating that

"the more helpful the notice, . . .,  the greater the culpability a pro se litigant bears in

noncompliance.").

  However, the Court is reluctant to find, on the present record, that Ms. Man's

failure to prosecute this case demonstrates wilful conduct.  In the motion for extension

of time filed on August 21, 2014, Plaintiff states that she has "been disabled with a

constant headache and gushing nosebleeds, which led my to be hospitalized," and that

she has been dealing with a "possible terminal illness in [her] family."  (ECF No. 13).  It

appears that extenuating circumstances may have prevented Plaintiff from complying

with Magistrate Judge Boland's orders directing her to file a Second Amended

Complaint.  The Court will thus grant her one final opportunity to file an amended

pleading that complies with Fed. R. Civ. P. 8.  However, if Ms. Man does not file a

conforming Second Amended Complaint, or request an extension of time, within thirty

(30) days of this dismissal order, her overall conduct in this litigation will support a

finding that she wilfully disregarded court orders.

Under the fourth *Ehrenhaus* factor, the Court finds that Magistrate Judge Boland warned Ms. Man expressly that dismissal of the action without further notice would be a likely sanction for noncompliance with the July 15 Order.  Magistrate Judge Boland further warned Ms. Man that her federal claims may be time-barred and, therefore, dismissal of this action may prejudice her ability to file a new action.  (ECF No. 12, at 6-7).

And, finally, the Court finds that a lesser sanction than dismissal is not warranted. The Court is mindful that "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir.1988) (citations omitted)).  Ms. Man has twice failed to comply with a court order directing her to file an amended complaint in compliance with Fed. R. Civ. P. 8.  Following the first order, issued on June 9, 2014 (ECF No. 10), she filed a non-conforming Amended Complaint.  Plaintiff did not file any pleading in response to the July 15 Order, or otherwise communicate with the Court, after being granted a thirty-day extension of time to comply on August 22, 2014. If Ms. Man once again fails to file a Second Amended Complaint, her overall conduct in this litigation,  together with the facts discussed under the second, third and fourth *Ehrenhaus* factors, will support the sanction of dismissal of this civil action that may operate as a dismissal with prejudice.  Moreover, if Plaintiff does not file a Second Amended Complaint, or seek an extension of time to do so, the Court must conclude that she is no longer interested in prosecuting her claims.  The Court doubts that a monetary sanction would be practical or effective.  Accordingly, it is

6

ORDERED that the Amended Complaint (ECF No. 11) and this action are DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 41(b), for Ms. Man's failure to comply with Fed. R. Civ. P. 8 and failure to prosecute, WITH LEAVE GRANTED TO FILE A SECOND AMENDED COMPLAINT, that complies with Fed. R. Civ. P. 8 and the directives in the July 15, 2014 Order, **within thirty (30) days of the date of this Order.  Plaintiff is warned that failure to file a Second Amended Complaint may prejudice her from filing a future action to assert the claims she intended to raise in this action because of any applicable statute(s) of limitations.** It is

FURTHER ORDERED that Ms. Man shall obtain a copy of the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.

DATED October 2, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Senior Judge
United States District Court

7